# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MIKE BORDELON, and BREEZY SHORES, LLC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CASE No. 1:20-cv-00057-C** |
| ) | |
| **BALDWIN COUNTY, ALABAMA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' FIRST CONSOLIDATED DISCOVERY REQUESTS TO PLAINTIFF MIKE BORDELON

COME NOW the Defendants in this case and hereby propound these Discovery Requests to Mike Bordelon pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, as follows:

### DEFINITIONS

1.      For the purposes of these discovery requests the term *"documents and things"* means all written, recorded or graphic matters of whatever kind and nature and all non-identical copies thereof, however said document or thing is produced, reproduced, copied, or stored, specifically including electronic storage, including, but not limited to, all papers, books, records, record of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts,

manuals, brochures, photographs, publications, schedules, journals, diaries, lists, tabulations, newsletter, receipts, bills, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigations, insurance policies, claim forms, records of negotiations, reports or consultations, records kept by electronic or mechanical means, tapes or tape recordings, transcripts of tape recordings, notes or drafts relating to any of the foregoing things, all things similar to the foregoing things, and any other document or thing of any kind or character in your possession, custody or known by you to exist.  For the purposes of these interrogatories, different versions of the same document, handwritten notes or notations in any form, draft documents and documents with handwritten notations or marks not found on the original or on other copies are different documents.

2.     ***"Identify"*** when used in reference to a natural person, means to state: his or her full name, his or her present or last known address, telephone number, and email address, his or her present or last known position and business affiliation, and his or her employer, title, and position at the time in question in this lawsuit.

3.     ***"Identify"*** when used in reference to a corporation, partnership, joint venture, company, business entity, or other organization, and the principal business address of the organization, means to state: the full, legal and proper name of the organization, the type of organization, and the principal business address of the organization.

2

4.      *"Identify"* when used in reference to a document means to state: the date, title, author, addressee, type of document, or other reasonable means of identification of the document, and its present location and custodian.  If the document is no longer in your possession or subject to your control, then please state what disposition was made of the document, as last known to you.

5.      *"Identify"* when used in reference to an oral communication, conference, or meeting, means to state:  the date of the communication, conference or meeting; the identity of all parties of the communication, conference or meeting; and the subject matter and general substance of what was said or transpired in the communication, conference, or meeting.

6.      *"Communications"* shall be deemed to include any oral or written communication, correspondence, contact, promise, representation, inducement, or document of which you have any knowledge or information.

7.      *"Related to"* or "*relating to"* shall mean directly and indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon the stated subject matter.

8.      The singular form of a word, document, or person shall refer to the plural form as well, and words used in the masculine gender also include the feminine.

9.     ***"And"*** or ***"or"*** shall be construed to be both conjunctive and disjunctive, so as to bring within the scope of the request any document or information that might be deemed to be outside its scope by some other construction or interpretation.

10.     ***"You," yours," "your,"*** and "***the Plaintiff"*** shall refer to, unless otherwise stated, Willie Taylor and all of his agents, representative, employees, attorneys, and all other persons or entities in privity with her.

11.     ***"Person"*** shall mean any individual, partnership, firm, association, corporation, or any other business, governmental or local entity.

12.     ***"Address"*** shall mean the street number, street, city, state, and zip code of subject person, business or other entity.

13.     ***"Employment"*** shall mean any work performed for compensation, whether monetary or in-kind, regardless of the length of time that the work is performed or the temporary or sporadic nature of said work.

14.     **If you claim that information otherwise responsive to one of these Interrogatories is privileged or confidential, please specify the legal and factual basis for your claim of privilege.**

## INTERROGATORIES

1.      State your full legal name, home address since January 1, 2015, any other names commonly used by you or by which you are commonly known, and your date of birth.

**RESPONSE:**

2.      Identify any person, other than your attorney, who provided information or otherwise assisted you in preparing these interrogatories.

**RESPONSE:**

3.      Identify any and all persons related to you by blood or by marriage and all persons who have resided with you or are currently residing with you whose current residence is located in the Southern District of Alabama.

**RESPONSE:**

4.      Identify each and every organization in which you are currently a member or have been a member since January 1, 2015, including, but not limited to, church affiliations, social organizations, or political organizations, including the date that you joined said organization and any offices or positions held therein.

**RESPONSE:**

5.      Describe all employment in which you have engaged since January 1, 2015, including the following information: identity of the employer (with the specific location(s) where plaintiff has worked); position held; job duties; dates of employment;

method and rate of compensation; total amount of compensation earned from employment; name and address of all supervisors.

**RESPONSE:**

6.      Identify all persons with whom you have communicated directly, whether orally or in writing, including, but not limited to, any attorney(s) except for Plaintiff's attorneys and persons directly employed by them, about the claims made in your lawsuit or the legal or factual basis for said claims, including, but not limited to, your claim that the ordinances in question are unlawful, and describe the communication.

**RESPONSE:**

7.      Identify all persons with whom somebody acting on your behalf has communicated, regardless of whether the communication was made at your behest or direction, whether orally or in writing, about the claims made in your lawsuit or the legal or factual basis for said claims including, but not limited to, your claim that the ordinances in question are unlawful, and describe the communication.

**RESPONSE:**

8.      Identify each and every person who was a witness to the events giving rise to the claims, averments and allegations in your pleadings, or has any information related to the claims, averments and allegations contained in your pleadings and their relationship, if any, to you, and describe the substance of what they heard, saw, or otherwise observed.

**RESPONSE:**

9.      Identify each and every person from whom you, your attorney, investigator or other person acting under your direction or control or on your behalf have received or taken a statement regarding the incidents described in your pleadings and any injury or injuries arising therefrom, whether written, oral, audiotaped, videotaped, digitally recorded or preserved, stored on computer or disc/disk, handwritten, typed or put in declaration or affidavit form.

**RESPONSE:**

10.      Describe the content of the communication with each and every person identified in response to Interrogatory Number 6.   If you contend that any such communication is privileged, please provide the basis for your assertion of privilege.

**RESPONSE:**

11.      Describe the content of the communication with each and every person identified in response to Interrogatory Number 7.   If you contend that any such communication is privileged, please provide the basis for your assertion of privilege.

**RESPONSE:**

12.      Identify and describe all injuries and damages of any kind whatsoever that you claim were caused by each Defendant and for which you are seeking recompense from the Defendants in this action, including the date(s) that you contend each such injury or damages occurred, the alleged cause of each such injury or damages, the

person(s) who you allege caused such injury or damages, the type of each such injury or damage, and nature and amount of relief that are you seeking for each such injury or damages.

**RESPONSE:**

13.    Identify any person whom you intend to call as an expert witness in this case.

**RESPONSE:**

14.    Identify any person whom you intend to call as a lay witness in this case for any purpose, including impeachment or rebuttal.

**RESPONSE:**

15.    Identify each and every property in which you have had an ownership interest of any sort since January 1, 2010, including the address of said property, the nature of your interest, the value of the property, the property's zoning, the property's classification for tax purposes, and the purpose of the property, i.e., short term rental.

**RESPONSE:**

16.    Identify each and every person or entity with whom you have ever discussed any safety issues associated with stacked parking.

**RESPONSE:**

17.    Identify each and every person or entity with whom you have ever discussed any safety issues associated with buildings over two stories.

**RESPONSE:**

## <u>REQUESTS FOR PRODUCTION</u>

1.      Any recordings, whether audio, video, or any other electronic means, including transcriptions of or documents referencing recordings otherwise not available, that Plaintiff has made, or that have been made on behalf of Plaintiff, or that are in Plaintiff's possession or the possession of his attorney, of any conversation, meeting, interview, or other communication regarding the subject property and/or the claims asserted in your lawsuit.  If you contend that any such communications are privileged or otherwise protected, please provide a privilege log of documents alleged to be privileged or otherwise protected.

**RESPONSE:**

2.      Any and all communications, including letters, voice mails, electronic mail, text messages, messages sent via Facebook or other social media platform, by Plaintiff or to Plaintiff to any person except Plaintiff's attorneys or their staff regarding or referencing the instant lawsuit or Plaintiff's claims that his rights were violated by Defendants.  If you contend that any such communications are privileged or otherwise protected, please provide a privilege log of documents alleged to be privileged or otherwise protected.

**RESPONSE:**

3.      Any and all journals, notes, or diaries kept by Plaintiff referencing or pertaining in any way to the events giving rise to the allegations in the Complaint.

**RESPONSE:**

4.      Any and all documents or records reflecting, pertaining or related to in any way to the communications identified in response to Interrogatory Number 6, including, but not limited to, copies of statements, correspondence, notes of conversations, electronic mail, etc.

**RESPONSE:**

5.      Any and all documents or records reflecting, pertaining or related to in any way to the communications identified in response to Interrogatory Number 7, including, but not limited to, copies of statements, correspondence, notes of conversations, electronic mail, etc.

**RESPONSE:**

6.      Any and all documents or records reflecting, pertaining or related to in any way to the statements identified in response to Interrogatory Number 9, including, but not limited to, copies of statements, correspondence, notes of conversations, electronic mail, etc.

**RESPONSE:**

7.      Any and all documents or records supporting your claims for damages.

**RESPONSE:**

8.      Any and all documents pertaining to, regarding, or mentioning the property at 3450 A&B Ponce de Leon Court, Gulf Shores, AL 36542.

**RESPONSE:**

9.      Any and all documents not previously produced in response to one of the above Requests for Production that you contend support your claims in this case.

**RESPONSE:**

10.      Any and all documents not previously produced in response to one of the above Requests for Production that you contend are relevant to this case, regardless of whether you contend that they support your claims.

**RESPONSE:**

11.      Any and all documents that may be used by you for impeachment purposes.

**RESPONSE:**

Submitted on this the 30th day of December 2020.

**s/Jamie H. Kidd**
JAMIE H. KIDD (ASB-7661-M76H)
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P.O. Box 240909
Montgomery, AL  36124
(334) 262-1850 – T
(334) 262-1772 – F
jkidd@webbeley.com
*Attorney for Defendants*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of December 2020, I have served a copy of the foregoing, via electronic mail, upon the following:

Kristopher O. Anderson
William Stokes
Matthew Couch
CLARK PARTINGTON
4725 Maine Street, Suite F-222
Orange Beach, Alabama 36561
(251) 225-4122 – T
kanderson@clarkpartington.com
wstokes@clarkpartington.com
mcouch@clarkpartington.com

**s/Jamie H. Kidd**
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MIKE BORDELON, and BREEZY SHORES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:20-cv-00057-C ) |
| BALDWIN COUNTY, ALABAMA; BALDWIN COUNTY COMMISSION DISTRICT 4 PLANNING AND ZONING BOARD OF ADJUSTMENT; and VINCE JACKSON | ) ) ) ) ) ) |
| Defendants. | ) ) |

_____

## PLAINTIFF, MIKE BORDELON'S RESPONSES TO
## FIRST CONSOLIDATED DISCOVERY REQUESTS BY DEFENDANTS

Plaintiff, BREEZY SHORES, LLC, by undersigned counsel responds to Discovery Requests propounded by Defendants, and states:

## INTERROGATORIES

1. State your full legal name, home address since January 1, 2015, any other names commonly used by you or by which you are commonly known, and your date of birth.

**RESPONSE:**

**Michael R Bordelon**

**5855 Plantation Dr, St Francisville, LA.  70775**

1

**DOB: 5/12/1957**

2.     Identify any person, other than your attorney, who provided information or otherwise assisted you in preparing these interrogatories.

**RESPONSE: No One**

3.     Identify any and all persons related to you by blood or by marriage and all persons who have resided with you or are currently residing with you whose current residence is located in the Southern District of Alabama.

**RESPONSE: No One**

4.     Identify each and every organization in which you are currently a member or have been a member since January 1, 2015, including, but not limited to, church affiliations, social organizations, or political organizations, including the date that you joined said organization and any offices or positions held therein.

**RESPONSE: AOPA– Aircraft Owners and Pilots Association. Joined in 2015.**

5.     Describe all employment in which you have engaged since January 1, 2015, including the following information: identity of the employer (with the specific location(s) where plaintiff has worked); position held; job duties; dates of employment; method and rate of compensation; total amount of compensation earned from employment; name and address of all supervisors.

**RESPONSE: None (Retired)**

6.     Identify all persons with whom you have communicated directly, whether orally or in writing, including, but not limited to, any attorney(s) except for Plaintiff's attorneys and persons directly employed by them, about the claims made in your lawsuit or the legal or factual basis for said claims, including, but not limited to, your claim that the ordinances in question are unlawful, and describe the communication.

**RESPONSE: Plaintiff objects on the basis that the request for a description of each communication is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or work product doctrine. Notwithstanding the foregoing, Plaintiff identifies the following individuals. Plaintiff has communicated with Jones, Pavey, and Prickett regarding the Project and the factual bases related to Plaintiff's claims in this lawsuit.**

**Steve Jones (Builder for the Project)**

**Mark Pavey (Architect for the Project)**

**Daniel Prickett (Property Manager for the Project once completed)**

**Kris Anderson (Current attorney)**

**Mark Taupeka (Previous attorney)**

3

7.     Identify all persons with whom somebody acting on your behalf has communicated, regardless of whether the communication was made at your behest or direction, whether orally or in writing, about the claims made in your lawsuit or the legal or factual basis for said claims including, but not limited to, your claim that the ordinances in question are unlawful, and describe the communication.

**RESPONSE: Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege or work product doctrine. Notwithstanding the foregoing objection, the same individuals as those listed in response to interrogatory no. 6.**

8.     Identify each and every person who was a witness to the events giving rise to the claims, averments and allegations in your pleadings, or has any information related to the claims, averments and allegations contained in your pleadings and their relationship, if any, to you, and describe the substance of what they heard, saw, or otherwise observed.

**RESPONSE: Steve Jones, Mark Pavey, Daniel Prickett, Crystal Bates, Linda Lee, Vince Jackson, Wayne Dyess, Baldwin County Planning and Zoning Staff, Baldwin County Building Department Staff. See the Amended Complaint, my deposition transcript generally, documents produced, and documents produced by Defendants as to what they "heard, saw, or otherwise observed."**

9.     Identify each and every person from whom you, your attorney, investigator or other person acting under your direction or control or on your behalf have received or taken a statement regarding the incidents described in your pleadings and any injury or injuries arising therefrom, whether written, oral, audiotaped, videotaped, digitally recorded or preserved, stored on computer or disc/disk, handwritten, typed or put in declaration or affidavit form.

**RESPONSE: Linda Lee, Crystal Bates, Vince Jackson, and Wayne Dyess in depositions. The Fort Morgan Civic Association by subpoena.**

10.     Describe the content of the communication with each and every person identified in response to Interrogatory Number 6. If you contend that any such communication is privileged, please provide the basis for your assertion of privilege.

**RESPONSE: Any communication between Plaintiff's counsel and any third party, as it has been relayed to me, is protected by both the attorney-client privilege and work-product doctrine. Notwithstanding the foregoing:**

**Steve Jones - requested revised cost estimates and schedules for project after delays endured. Also requested accounting for expenses to date on the project.**

**Mark Pavey - Requested cost estimates to build two story building instead of 3 story building and requested investigation into claim that the project impinged on any setbacks.**

5

**Daniel Prickett - Received revenue estimates on potential earnings from project and opinions on the design of the project.**

11.    Describe the content of the communication with each and every person identified in response to Interrogatory Number 7. If you contend that any such communication is privileged, please provide the basis for your assertion of privilege.

**RESPONSE: Any communication between Plaintiff's counsel and any third party, as it has been relayed to me, is protected by both the attorney-client privilege and work-product doctrine. Notwithstanding the foregoing, I identified these communications to the best of my ability during my deposition. Documents produced herewith, and documents produced by Defendants further evidence these communications.**

12.    Identify and describe all injuries and damages of any kind whatsoever that you claim were caused by each Defendant and for which you are seeking recompense from the Defendants in this action, including the date(s) that you contend each such injury or damages occurred, the alleged cause of each such injury or damages, the person(s) who you allege caused such injury or damages, the type of each such injury or damage, and nature and amount of relief that are you seeking for each such injury or damages.

**RESPONSE: Lost revenue for delaying the project, lost appreciation of the project, added expenses incurred to move pilings, added expenses to pay for**

**attorney costs, compensation for obsolete building material due to delay of the project, increased cost of building materials and labor due to the delays. See documents produced, including Plaintiffs' updated damages disclosure.**

13.    Identify any person whom you intend to call as an expert witness in this case.

**RESPONSE: None, except to the extent that the testimony of Mark Pavey, Steve Jones, or Daniel Prickett may be construed to constitute expert testimony as defined by applicable rules.**

14.    Identify any person whom you intend to call as a lay witness in this case for any purpose, including impeachment or rebuttal.

**RESPONSE: Mike Bordelon, Mark Pavey, Steve Jones, Daniel Prickett, Vince Jackson, Crystal Bates, Linda Lee, Wayne Dyess, and Paul Stanton.**

15.    Identify each and every property in which you have had an ownership interest of any sort since January 1, 2010, including the address of said property, the nature of your interest, the value of the property, the property's zoning, the property's classification for tax purposes, and the purpose of the property, i.e., short term rental.

**RESPONSE:**

**Turquoise Condominium (3 Bedroom) - short term rental**

**26302 Perdido Beach Blvd, Orange Beach, AL  36561**

**I was the sole owner.**

Status – Sold 2014

Crystal Shores West Condominium (2 BR) - short term rental

931 W Beach Blvd, Gulf Shores, AL  36542

I was the sole owner.

Status - Sold

Beach Club Condominium (1 BR) - Short term rental

527 Beach Club Trail, Gulf Shores, AL 36542

I was sole owner

Status - Sold

8 BR Duplex – "Southern Secret" – short term rental

1264 W Beach Blvd, Gulf Shores, AL  36542

50% owner (via my IRA and later my wife's IRA bought the other 50%)

Status – Sold

12 BR House – "Nice & Breezy" – short term rental

1260 W Beach Blvd, Gulf Shores, AL. 36542

Jointly owned by my wife (Julianne Bordelon) and I (through our IRAs)

10 BR Duplex – "Big Breezy" – short term rental

3604 Ponce de Leon CT, Gulf Shores, AL 36542

I was sole owner

Status – Sold Jan 2021

**18 BR Duplex – "EZ Breezy" – short term rental**

**3468 Ponce de Leon CT, Gulf Shores, AL 36542**

**I am 2/3 owner (via IRA – MRBIRA LLC)**

**Status – still owned**

**Lot at 0 Our Road, Gulf Shores, AL 36542**

**I am the Sole Owner**

**Status – Sold 2019**

**4, 12 BR House Complex – "Breezyville" – short term rental**

**605 W Beach Blvd, Gulf Shores, AL 36542**

**My IRA is 16% owner**

**Status – still owned**

**Construction Project with Lot – "Breezy Shores" – short term rental**

**Lot 58 on Ponce de Leon CT, Gulf Shores, AL 36542**

**Lot and Building Materials**

**My IRA is 16% owner.**

**Status – on hold due to unlawful stop work order and unlawful revocation of permits.**

16.    Identify each and every person or entity with whom you have ever discussed any safety issues associated with stacked parking.

**RESPONSE: Mark Pavey**

17.   Identify each and every person or entity with whom you have ever discussed any safety issues associated with buildings over two stories.

**RESPONSE: Mark Pavey**

_Mike Bardel_

MIKE BORDELON
Dated: ___2/26/202 1___

## REQUESTS FOR PRODUCTION

1.      Any recordings, whether audio, video, or any other electronic means, including transcriptions of or documents referencing recordings otherwise not available, that Plaintiff has made, or that have been made on behalf of Plaintiff, or that are in Plaintiff's possession or the possession of his attorney, of any conversation, meeting, interview, or other communication regarding the subject property and/or the claims asserted in your lawsuit. If you contend that any such communications are privileged or otherwise protected, please provide a privilege log of documents alleged to be privileged or otherwise protected.

**RESPONSE: Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff claims that every written communication between Plaintiffs and counsel, including e-mails, text messages, and letters are protected by the attorney-client privilege. Further, Plaintiff claims that every written communication between counsel and a third party, including e-mails, text messages, and letters, are protected by the work-product doctrine. Plaintiff further objects to the request for a privilege log covering every written communication with Plaintiff's counsel as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the proposed**

**discovery's likely benefit under Fed. R. Civ. P. 26(b)(1).  Notwithstanding the foregoing, see documents produced. Plaintiffs are not re-producing documents that have already been produced by Defendants, as such documents are already in the possession of Defendants.**

2.	Any and all communications, including letters, voice mails, electronic mail, text messages, messages sent via Facebook or other social media platform, by Plaintiff or to Plaintiff to any person except Plaintiff's attorneys or their staff regarding or referencing the instant lawsuit or Plaintiff's claims that his rights were violated by Defendants. If you contend that any such communications are privileged or otherwise protected, please provide a privilege log of documents alleged to be privileged or otherwise protected.

**RESPONSE: Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff claims that every written communication between Plaintiffs and counsel, including e-mails, text messages, and letters are protected by the attorney-client privilege. Further, Plaintiff claims that every written communication between counsel and a third party, including e-mails, text messages, and letters, are protected by the work-product doctrine. Plaintiff further objects to the request for a privilege log covering every written communication with Plaintiff's counsel as unduly burdensome, not reasonably calculated to lead to the**

**discovery of admissible evidence, and disproportionate to the proposed discovery's likely benefit under Fed. R. Civ. P. 26(b)(1). Notwithstanding the foregoing, see documents produced. Plaintiffs are not re-producing documents that have already been produced by Defendants, as such documents are already in the possession of Defendants.**

3.    Any and all journals, notes, or diaries kept by Plaintiff referencing or pertaining in any way to the events giving rise to the allegations in the Complaint.

**RESPONSE: None.**

4.    Any and all documents or records reflecting, pertaining or related to in any way to the communications identified in response to Interrogatory Number 6, including, but not limited to, copies of statements, correspondence, notes of conversations, electronic mail, etc.

**RESPONSE: Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff claims that every written communication between Plaintiffs and counsel, including e-mails, text messages, and letters are protected by the attorney-client privilege. Further, Plaintiff claims that every written communication between counsel and a third party, including e-mails, text messages, and letters, are protected by the work-product doctrine. Plaintiff further objects to the request for a privilege log covering every written communication with Plaintiff's**

**counsel as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the proposed discovery's likely benefit under Fed. R. Civ. P. 26(b)(1).  Notwithstanding the foregoing, see documents produced. Plaintiffs are not re-producing documents that have already been produced by Defendants, as such documents are already in the possession of Defendants.**

5.      Any and all documents or records reflecting, pertaining or related to in any way to the communications identified in response to Interrogatory Number 7, including, but not limited to, copies of statements, correspondence, notes of conversations, electronic mail, etc.

**RESPONSE: Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff claims that every written communication between Plaintiffs and counsel, including e-mails, text messages, and letters are protected by the attorney-client privilege. Further, Plaintiff claims that every written communication between counsel and a third party, including e-mails, text messages, and letters, are protected by the work-product doctrine. Plaintiff further objects to the request for a privilege log covering every written communication with Plaintiff's counsel as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the proposed**

discovery's likely benefit under Fed. R. Civ. P. 26(b)(1).  Notwithstanding the foregoing, see documents produced. Plaintiffs are not re-producing documents that have already been produced by Defendants, as such documents are already in the possession of Defendants.

6.     Any and all documents or records reflecting, pertaining or related to in any way to the statements identified in response to Interrogatory Number 9, including, but not limited to, copies of statements, correspondence, notes of conversations, electronic mail, etc.

**RESPONSE: None except deposition transcripts, which Defendants have.**

7.     Any and all documents or records supporting your claims for damages.

**RESPONSE: See documents produced, including Plaintiffs' updated damages disclosure and documents in support.**

8.     Any and all documents pertaining to, regarding, or mentioning the property at 3450 A&B Ponce de Leon Court, Gulf Shores, AL 36542.

**RESPONSE: Plaintiffs object to this request on the basis that it is overly broad, not reasonably limited in time or scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this request seeks information protected by the work produce doctrine or attorney-client privilege. Notwithstanding the foregoing objections, see documents produced.**

9.     Any and all documents not previously produced in response to one of the above Requests for Production that you contend support your claims in this case.

**RESPONSE: None.**

10.    Any and all documents not previously produced in response to one of the above Requests for Production that you contend are relevant to this case, regardless of whether you contend that they support your claims.

**RESPONSE: None.**

11.    Any and all documents that may be used by you for impeachment purposes.

**RESPONSE: None at this time that have not otherwise been produced or that are not already in the possession of Defendants.**

*/s/ Kristopher O. Anderson*
**KRISTOPHER O. ANDERSON**
AL Bar No.: AND112
**WILLIAM STOKES**
AL Bar No.: STO084
**MATTHEW COUCH**
AL Bar No.: COU028
CLARK PARTINGTON
4725 Main Street, Suite F-222
Orange Beach, Alabama 36561
(251)-225-4122
kanderson@clarkpartington.com
wstokes@clarkpartington.com
mcouch@clarkpartington.com
*Attorney for Plaintiffs*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April 2021 the foregoing along with the discovery noted has been electronically mailed to the following:

JAMIE H. KIDD FRAWEY
HALEY LYCKMAN
WEBB MCNEILL WALKER PC
7475 Halcyon Pointe Drive (36117)
P.O. Box 240909
Montgomery, AL  36124
jkidd@wmwfirm.com
hlyckman@wmwfirm.com
cmccoy@wmwfirm.com
Attorneys for Defendants

*/s/ Kristopher O. Anderson*
KRISTOPHER O. ANDERSON

A4110404.DOCX

17