IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MIKE BORDELON and BREEZY :
SHORES, LLC,
:
    Plaintiffs,
:
vs.                                                CA 20-0057-C
:
BALDWIN COUNTY, ALABAMA, et al.,,
:
    Defendants.

## JUDGMENT

In accordance with the memorandum opinion and order entered on this date, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

    1. Count One of Plaintiffs' Second Amended Complaint, which is an appeal of "the Board of Adjustment's denial of its request for a variance from the story restriction that would allow it to construct a three-story duplex on the subject property," is decided in Plaintiffs' favor. A variance from the terms of the story ordinance in Planning District 25, approved in October of 2019, is **GRANTED** and Plaintiffs are authorized to construct their Breezy Shores duplex as a three-story duplex rather than a two-story duplex. Defendant Baldwin County, through its Commission 4 Planning and Zoning Board of Adjustment is **ORDERED** to authorize a variance from the terms of the story ordinance in Planning District 25 approved in October of 2019 or in the alternative, to grandfather-in the right to build a three-story duplex under the provisions of Section 20.2.2 of the Baldwin County Zoning Ordinance;

    2. Plaintiffs prevail on Count Six of the Second Amended Complaint. It is

determined that Defendants Vince Jackson and Baldwin County **TEMPORARILY TOOK** Plaintiffs' property without just compensation based upon actions which initially began on July 31, 2019 (but also include the Story Ordinance actions in October of 2019).  In accord with Count Two of the Second Amended Complaint, it is determined that the July 31, 2019 Stop Work Order amounted to a physical invasion of Plaintiffs' property without just compensation.  In combination, the application of the Stop Work Order and enforcement of the Story Ordinance would permanently deprive Plaintiffs of their opportunity to build a three-story duplex;

      3.  On July 31, 2019, Plaintiffs retained a vested right to construct their Breezy Shores duplex as initially permitted by the Defendants.  Therefore, Defendant Baldwin County is **ENJOINED** from prohibiting Plaintiffs' construction of their Breezy Shores three-story duplex as initially permitted. To this end, Defendant Baldwin County is **ORDERED** to immediately withdraw the Stop Work Order and reinstate the land use certificate and building permit so that Plaintiffs can resume construction on their Breezy Shores project;

      4.  Defendants are **ORDERED** to pay unto Plaintiffs a total sum of **$764,289.00** in accordance with Count Seven of the Second Amended Complaint, as compensation for the temporary taking of their property for a period of time starting on **July 31, 2019** and is expected to last at least through **October 2023**;

      5.  The Court determines that Plaintiffs cannot prevail on Count Nine of the Second Amended Complaint (alleging the Defendants' negligence and wantonness) on account of the substantive immunity rule/doctrine and therefore finds in favor of the Defendants;

6. Plaintiffs, as prevailing parties in an action brought pursuant to 42 U.S.C. § 1983, are entitled to apply for an award of attorneys' fees provided they file a motion seeking such reimbursement and the authority therefor not later than **November 30, 2022**; and

7. Costs are taxed against the Defendants and in favor of the Plaintiffs.

**DONE** and **ORDERED** this 28th day of October, 2022.

                                                                         s/William E. Cassady  
                                                        **UNITED STATES MAGISTRATE JUDGE**